SIMMONS BROS. v. COCHRAN.

Defendant being sued in a trial justice's court in claim and delivery of personal property, appeared and answered, and at the trial objected to the jurisdiction of the officer upon the ground that the day named for trial was more than twenty days after the date of the summons (*Code*,

§ 71, ¶ 12). *Held*, that the objection was well taken, and that it had not been waived by acquiescence.

Before NORTON, J., Abbeville, February, 1888.

The opinion states the case.

*Mr. D. H. Magill*, for appellant.

*Messrs. Perrin & Cothran*, contra.

June 21, 1888. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiffs, respondents, brought action in trial justice's court, to recover a bale of cotton, the action being what is generally known as claim and delivery of personal property. The cotton had been seized by the defendant, Davis, a constable, under a warrant issued upon an agricultural lien, at the instance of the defendant, Cochran, the lienee. The plaintiffs claimed that said cotton did not belong to Cochran's debtor, but that it belonged to them, and they brought action before trial justice Giles for its recovery. This trial justice issued his summons on the 30th day of November, 1885, but it was not served until the 3d day of December, 1885; said summons required the defendants to appear on the twenty-third day of December, 1885, to answer the complaint. On the day fixed the parties appeared, when the case was continued to the 13th of January, 1886, when judgment was given for defendants. Within five days a new trial was granted, which the trial justice afterwards revoked.

Upon appeal taken to the Circuit Court, this last order was reversed, and the case was sent back to trial justice W. K. Blake, for trial *de novo*, who, upon an amended complaint, issued a summons dated March 24, 1887, and served the same day, requiring the defendants to appear and answer on the 15th of April, 1887, more than 20 days. Both defendants answered, but at the trial they interposed a plea to the jurisdiction of the court, on the ground that they had been required to appear, in the summons, more than twenty days from its date. The trial justice, however, heard the case, and gave judgment for the plaintiffs for posses-

sion of the property claimed, or its value, thirty-six dollars and fifty cents, and for twenty-five dollars damages, besides costs and disbursements. The defendants appealed to the Circuit Court, upon the hearing of which his honor, Judge Norton, affirming the trial justice, gave judgment for the delivery of the cotton, weighing 448 pounds, to the plaintiffs, or in case of non-delivery,· for the value· thereof, to wit, $36.40, and $25 damages, and costs.

From this judgment an appeal is now before this court, upon the grounds: 1st. That the trial justice had no jurisdiction of the case, because the summons required the defendants to appear at a date beyond twenty days from its date and service. 2nd. Because it was in evidence that Davis, the constable, seized the cotton in good faith and under a regular warrant, and therefore was not liable, especially for vindictive damages. 3d. Because there was no evidence that defendant, Cochran, ever had actual possession of the cotton.

Did the trial justice have jurisdiction? is the first question. The code provides in such cases, that the trial justice shall issue a summons directed to the defendant, requiring him to appear and answer, at a time and place to be therein specified, and not more than twenty days from the *date thereof*. It appears that both of the trial justices failed to observe this provision of the code; the time fixed in the summons of each was beyond twenty days from the date of issue. This appears on the face of the proceedings. Why the general assembly thought proper to enact such an unqualified requirement in such cases, is not for this court to consider. It is so written in the statute book, and the language seems imperative—*not more* than twenty days. The summons is the paper which gives jurisdiction to the court over the person of the party brought in; and where the law has provided a special mode or character of said summons, either as to service, form, or otherwise, involuntary jurisdiction cannot be acquired without a compliance with said law. And especially is this so in all statutory proceedings and remedies.

If a trial justice had the right to disregard the act as to the time fixed in the summons, for a day, or for three days, as in the summons here, why could he not also for a month, or a year?

Who could interfere with his discretion? True, this seems a small matter in the case before us; but it is important that the forms of law and requirements of the statutes in reference to the administration of the law should be observed. This is best for all in the long run, although hardships may sometimes occur by a strict adherence to such requirements.

The case of *Benson* v. *Carrier*, 28 S. C., 119, does not apply. There the defendant accepted service, appeared, and never interposed any objection. The court said it was his duty to object, and failing to do so, he must take the consequences, as in *Genobles* v. *West*, 23 S. C., 166, and *Waldrop* v. *Leonard*, 22 *Id.*, 120, clearly implying that had he objected, the objection would have been fatal. Here the defendants did object at the trial by trial justice Blake, whose judgment the Circuit Court affirmed, and whose trial was *de novo*. Jurisdiction of the *person* doubtless may be acquired by consent, as by voluntary appearance and acquiescence in the trial, but there is nothing of that kind here.

Our conclusion upon the jurisdictional question renders it unnecessary to adjudge the other questions raised.

It is the judgment of this court, that the judgment of the Circuit Court be reversed.